UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLSTATE INSURANCE COMPANY,
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, AND
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

                    Petitioners,

          -against-

ALFORD A. SMITH, M.D., ALFORD A. SMITH
MD, P.C., STRATEGIC MEDICAL INITIATIVES
P.C.,

                    Respondents.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/22/2025__

25 Misc. 121 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On March 24, 2025, Petitioners moved to compel Respondents to comply with the subpoenas *duces tecum* issued by Petitioners.  Mot. ECF No. 1; *see also* Mem., ECF No. 2.  Respondents are nonparties to an action pending in the United States District Court for the Eastern District of New York.  Mem. at 1.  Although Respondents were served with the briefing schedule via first-class mail at their last known address, *see* ECF No. 10, Respondents did not respond to the motion or indicate whether they consented to the transfer of the motion to the Eastern District of New York.[1]

Under Rule 45(f), "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  The Advisory Committee's 2013 Note to Rule 45(f) suggests that the "prime concern should be avoiding burdens on local nonparties subject to subpoenas," and "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation."  Fed. R. Civ. P. 45, Advisory Committee's Notes to 2013 Amendment.  "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation."  *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022).  Accordingly, courts in this District have "transferred similar motions to the issuing court where '[the issuing court] is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action.'"  *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (alteration in original) (citation omitted).

Transfer under Rule 45(f) to the Eastern District of New York is appropriate in this case.  The underlying action has been pending before the Honorable Sanket J. Bulsara of the Eastern District since its inception in 2022.  *See* Mem. at 13.  "Judge Bulsara has already conducted several

---

[1] Because compliance was required at Petitioners' counsel's office located in the Southern District of New York, Petitioners filed their motion to compel in this district.  *See* Mem. at 12; Fed. R. Civ. P. 45(d)(2)(B)(i) (providing that "the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

conferences with the parties; has issued multiple discovery scheduling orders; and has issued orders with respect to the protection of confidential information produced in discovery." *Id.* at 13–14. The Court agrees that the Eastern District Court's "unique familiarity with complex issued raised in this litigation" further counsels in favor of transferring the motion. *See Drummond Co., Inc. v. VICE Media LLC*, No. 21 Misc. 859, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (holding that "allowing the issuing court to resolve enforcement of the subpoena would promote judicial economy and avoid the risk of inconsistent rulings" (citation omitted)).

It is unlikely that Respondents would experience any prejudice by having this matter adjudicated in the Eastern District of New York. Indeed, "each Respondent is located in Brooklyn or Queens, within the Eastern District of New York." Mem. at 14; *see* Certificate of Serv., ECF No. 10; 28 U.S.C. § 112(c). "Additionally, Respondents have not appeared nor have Respondents articulated any interests in having the motion resolved in this District." *Hilb Grp. of New York, LLC v. Associated Agencies, Inc.*, No. 23 Misc. 264, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023).

Accordingly, the Clerk of Court is respectfully directed to TRANSFER this case to the Eastern District of New York.

SO ORDERED.

Dated: December 22, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

2